UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LESLIE BANADOS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-125-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALTO-SHAAM, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Alto-Shaam, Inc., filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that: (1) the defendant is not a covered employer within the meaning of the Kentucky Civil Rights Act ("KCRA") and (2) the plaintiff's factual allegations do not raise a reasonable inference that she was the victim of retaliation in violation of KRS § 344.280.  [Record No. 11]  Plaintiff Leslie Banados concedes in her response that Alto-Shaam is not a covered employer within the meaning of the KCRA.  [Record No. 12] However, she asks the Court to hold the matter in abeyance so that she may obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  She would then seek to amend her complaint to assert a Title VII claim.  [*Id.*]  Banados also argues that she has stated a plausible claim for relief based on alleged post-termination retaliation.  [*Id.*]  The defendant's motion will be granted for the reasons that follow.

## I.

Banados worked for Alto-Shaam from January 2016 to January 2022 as the Vice President of National Accounts for Food Service. [Record No. 1-1, p. 4] She signed a Non-Competition Agreement in April 2016 as a condition of her employment.

Banados participated in a group text thread in late 2021, wherein employees complained about work issues and allegedly joked about leaving Alto-Shaam after receiving their yearly bonus. [*Id*.] Banados was involved in a second text thread that included a Board member and daughter of the owner of Alto-Shaam. In that thread, Banados expressed work complaints. [*Id*.] She alleges that the Board member told her to be honest if she was later asked about her complaints. [*Id*.]

Banados attended a meeting with her supervisor and a human resources ("HR") representative in January 2022. Banados was asked during this meeting about the first group text thread. [*Id*. at 5.] She informed her supervisor and the HR representative that the members of the group were only joking about leaving the company. [*Id*.] Banados also attended a meeting with the HR representative during which she raised concerns about being passed over for promotions. [*Id*.]

Banados was fired from Alto-Shaam on January 26, 2022. [*Id*.] Alto-Shaam's purported reason for terminating Banados was her participation in the group text thread and based on answers to questions about the group text thread. [*Id*.] Banados claims that none of the male employees included in the group text thread were terminated. [*Id*.] Further, Banados contends that Alto-Shaam threatened to counter-sue her for a violation of the Non-Competition Agreement in retaliation "for reporting the gender discrimination taken against her." [*Id*. at 6.]

Banados filed suit in the Garrard Circuit Court following her termination, asserting claims for gender discrimination and post-termination retaliation. [Record No. 1-1] Alto-Shaam removed the matter to this Court and filed the present motion to dismiss. [Record Nos. 1, 11]

## II.

A court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" when considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Generally, the plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). The Court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

## III.

i. Gender Discrimination

Alto-Shaam contends that the Court should dismiss Banados' claim for gender discrimination because the company is located outside of Kentucky and is not a covered "employer" within the meaning of the KCRA. Kentucky Revised Statute § 344.030(2) provides that an "employer" is "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year." In applying the statute, "[w]ithin the state has been interpreted to mean physically within the

state, and not to refer to those located outside of Kentucky who interact with individuals inside of the state." *Charles v. N.G.T. Corp.*, No. 3:16-cv-00622-GNS, 2019 U.S. Dist. LEXIS 47003, at *6 (W.D. Ky. Mar. 21, 2019) (cleaned up).   The Kentucky Supreme Court has concluded that the "Kentucky Civil Rights Act does not have extraterritorial application." *Union Underwear Co. v. Barnhart*, 50 S.W.3d 188, 193 (Ky. 2001); *see also Wright v. Swigart*, No. 2016-CA-000854-MR, 2018 Ky. App. Unpub. LEXIS 49, at *7-8 (Ky. Ct. App. Jan. 26, 2018) (explaining that the KCRA does not have extraterritorial application in a gender discrimination case and the "express language of the statute excludes the argument that merely because a company conducts business in Kentucky it is subject to the provisions of the KCRA").

Banados concedes that Alto-Shaam only employed one individual within the Commonwealth.  And because only one person was employed in Kentucky, Alto-Shaam is not a covered "employer" within the meaning of the KCRA.   Thus, her claim of gender discrimination under the KCRA will be dismissed.

While Banados concedes that this claim is not proper, she asks the Court to hold the case in abeyance and allow her to amend her complaint once she receives a right to sue letter from the EEOC to bring claims for gender discrimination and retaliation under Title VII. [Record No. 12, p. 2]  Banados states that she "will request her Right to Sue Letter at the earliest possible date" and once she receives it, she can "simply file an Amended Complaint in this action asserting violations of Title VII."  But at this point, it is speculative that she can bring claims under Title VII.  It appears that Banados has not yet requested a right to sue letter from the EEOC.  And as the defendant correctly points out, exhausting her administrative remedies and securing a right to sue letter is a condition precedent to bringing a Title VII claim.

- 4 -

*Randolph v. Ohio Dep't of Youth Servs*, 453 F.3d 724, 731 (6th Cir. 2006); *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999).  The plaintiff cannot demonstrate that she will receive a right to sue letter.  And holding this case in abeyance so that Banados can determine whether this will occur is not appropriate.

ii. Post-Termination Retaliation

Alto-Shaam also contends that Banados' post-termination retaliation claim filed under KRS § 344.280 should be dismissed because she fails to raise an inference that she is entitled to relief.  Banados counters that she included specific facts in her complaint that Alto-Shaam threatened to counter-sue her for breach of a Non-Competition Agreement after her attorney reported gender discrimination.

To demonstrate a prima facie case of retaliation under KRS § 344.280, a plaintiff must demonstrate that she (1) engaged in protected activity; (2) her engagement in that protected activity was known to the defendant; (3) the defendant took an adverse employment action against her; and (4) there is a causal link between her engagement in the protected activity and the adverse employment action.  *Benningfield v. Fields*, 584 S.W.3d 731, 738-39 (Ky. 2019).

Banados alleges in her complaint that she was retaliated against in violation of KRS § 344.280 when Alto-Shaam threatened unfounded litigation against her for reporting gender discrimination.  [Record No. 1-1, p. 8]  Kentucky Revised Statutes § 344.280 prohibits retaliation or discrimination against a person for opposing "a practice declared unlawful by this chapter." Ky. Rev. Stat. § 344.280(1).  Unlike a claim for gender discrimination under the KCRA, "liability under this provision is not dependent upon the offender's status as an 'employer.'" *Himmelheber v. ev3, Inc.*, No. 3:07-CV-593H, 2008 U.S. Dist. LEXIS 10004, at

*8 (W.D. Ky. Feb. 7, 2008) (citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000)).

But the court in *Himmelheber* explained that, while liability is not dependent upon an offender's status as an employer, "the statute only prohibits actions that discriminate or retaliate in response to protected activity 'declared unlawful by this chapter.'" *Id*. In other words, "if no 'practice declared unlawful by this chapter' has occurred, there can be no retaliation or discrimination as contemplated by [KRS] § 344.280." *Id*. The court held that the plaintiff could not sufficiently allege that the defendant was an "employer" for purposes of her discrimination claim, then there was no underlying violation for a retaliation claim. *Id*. at *8; *see Owens v. Ward*, No. 5:08-CV-413-KSF, 2009 U.S. Dist. LEXIS 14594, at *7 (E.D. Ky. Feb. 25, 2009), *aff'd*, 406 F. App'x 936 (6th Cir. 2011) ("If there is no 'employer' with at least eight employees, there is no 'practice declared unlawful' under Chapter 344.").

Likewise, in *Vanover v. Samsung HVAC, LLC*, the court held that the plaintiff had failed to allege sufficient factual content to establish a retaliation claim under § 344.280 because the plaintiff had not adequately alleged that he opposed a practice declared unlawful by the KCRA. No. 3:17-cv-494-DJH-RSE, 2018 U.S. Dist. 201979, at *7 (W.D. Ky. Nov. 29, 2018). The court explained that the plaintiff failed to assert that the defendant had eight or more employees in Kentucky and without such an employer "there is no practice declared unlawful" within the meaning of the statute. *Vanover*, 2018 U.S. Dist. 201979, at *7; *cf. Charles*, 2019 U.S. Dist. LEXIS 47003, at *11 (holding that the plaintiff's retaliation claim failed because it was premised on the KCRA and the defendant was not an employer within the meaning of the KCRA).

Similar to both *Himmelheber* and *Vanover*, Banados' underlying gender discrimination claim will be dismissed because Alto-Shaam does not have eight or more employees in Kentucky.  And because Banados cannot establish that Alto-Shaam has at least eight employees, she cannot show that she opposes a practice declared unlawful within the meaning of the statute.  *Vanover*, 2018 U.S. Dist. 201979, at *7.  Therefore, she has failed to state a prima facie case of retaliation.  Accordingly, it is hereby

**ORDERED** as follows:

1.    Defendant Alto-Shaam's motion to dismiss [Record No. 11] is **GRANTED**.

2.    Plaintiff Banados request to hold this matter in abeyance is **DENIED**.

3.    All claims asserted against Defendant Alto-Shaam are **DISMISSED**, with prejudice.

4.    A separate Judgment will be entered this date.

Dated: June 22, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky